Lipton v. NYU College of Dentistry

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                        Chief Judge,
            GUIDO CALABRESI,
            ROBERT D. SACK,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

HERRICK LIPTON,
        Plaintiff-Appellant,

        -v.-                                    12-2797

NEW YORK UNIVERSITY COLLEGE OF
DENTISTRY AND DR. ANDREW I. SPIELMAN,
INDIVIDUALLY,
        Defendants-Appellees,
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              WILLIAM D. FRUMKIN, Sapir &
                            Frumkin LLP, White Plains, New
                            York (Howard Schragin, Sapir &
                            Frumkin LLP, White Plains, New
                            York, on the brief).

1

**FOR APPELLEES:**                    NANCY KILSON, Associate General
                                      Counsel, for Bonnie Brier,
                                      General Counsel, New York
                                      University Office of General
                                      Counsel, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Herrick Lipton appeals from the judgment of the United States District Court for the Southern District of New York (Griesa, J.), dismissing his complaint for failure to state a claim of disability discrimination. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews dismissals pursuant to Rule 12(b)(6) de novo. See Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (citing Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The denial of a motion for leave to amend a complaint on grounds of futility is also reviewed de novo. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 592 (2d Cir. 2007).

Lipton, a former student of the New York University College of Dentistry, charges the school with a failure to provide reasonable accommodations as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. ("Rehabilitation Act"). The ADA and the Rehabilitation Act prohibit discrimination against disabled individuals by requiring that they receive "reasonable accommodations" that allow them access to and "a meaningful part" in public services and public accommodations. Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004). To establish a prima facie violation, a plaintiff must demonstrate (1) that he is a

"qualified individual" with a disability; (2) that the defendants are subject to one of the Acts; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by the defendants, by reason of his disability. Id.

Lipton alleges that NYUCD failed to reasonably accommodate a reading disorder that has impaired his ability to comprehend written material under time constraint. NYUCD does not contest the disability, and gave him time and a half to take subsequent exams. Nonetheless, Lipton failed Part II of the National Board Dental Examination ("NBDEP2") three times in a row. NYUCD requires students to pass the exam within fourteen months of completing their coursework; Lipton did not fulfill the requirement, and was dismissed from the program. Lipton successfully contested the dismissal on the ground of his learning disability, and was reinstated. In May 2008, he failed the exam for the fourth time, and was dismissed from the program, this time permanently.

Lipton's initial complaint alleged that he was entitled to an unlimited number of opportunities to complete the exam over a "reasonable period of time." The proposed Amended Complaint requests that NYUCD adopt (for Lipton) a graduation requirement identical to a new rule enacted by the American Dental Association requiring candidates to pass the test within five years of their first attempt or five attempts, whichever comes first, so that Lipton's re-tests would be less pressured. The district court held that NYUCD had not failed to reasonably accommodate his disability and subsequently denied him leave to amend the complaint on futility grounds.

We see no error in the district court's conclusion that Lipton's proposed accommodations--which simply request more opportunities to pass the NBDEP2 after having failed it four times--bear a tenuous relationship to his reading disability. Moreover, NYUCD's refusal to create such an exception to its graduation requirements is entitled to "great deference." Powell, 364 F.3d at 88.

For the foregoing reasons, and finding no merit in Lipton's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK