11-4371-cv
*Bakoss v. Lloyds of London*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted On: October 22, 2012)          Decided: January 23, 2013)

Docket No. 11-4371-cv

_____

M.D. IMAD JOHN BAKOSS,

*Plaintiff-Appellant*,

v.

CERTAIN UNDERWRITERS AT LLOYDS OF LONDON ISSUING
CERTIFICATE NO. 0510135,

*Defendant-Appellee.*[1]

_____

Before: LEVAL, CABRANES, and SACK, *Circuit Judges*.

This appeal from a September 28, 2011 judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*) presents the question whether federal common law or state law provides the meaning of "arbitration" within the Federal Arbitration Act. We hold that Congress intended national uniformity regarding the interpretation of the term "arbitration," and therefore federal common law governs. Based on this holding, we conclude that the District Court had subject-matter jurisdiction. We also conclude that the District Court properly granted summary judgment in favor of defendant-appellee, Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135.

Affirmed.

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Ira S. Lipsius, David BenHaim, Cheryl D. Lipsuis, Lipsius-BenHaim Law LLP, Kew Gardens, NY, *for Plaintiff-Appellant Imad John Bakoss.*

Henry Nicholas Goodman, Nicholas Goodman & Associates, New York, NY, *for Defendant-Appellee Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135.*

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-appellant Imad John Bakoss ("Bakoss") appeals from a September 28, 2011 judgment of the District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*): (1) denying his motion to dismiss for lack of subject-matter jurisdiction; and (2) granting the motion for summary judgment by defendant-appellee, Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135 ("Lloyds"). *Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135*, No. 10-CV-1455, 2011 WL 4529668 (E.D.N.Y. Sept. 27, 2011). Lloyds removed this action, originally filed in state court, to the District Court on the basis of federal-question jurisdiction. *See* 28 U.S.C. § 1331. Bakoss raises two arguments on appeal. First, he argues that the District Court lacked subject-matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention" or "New York Convention"), *see* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, as implemented by the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. §§ 201-208. Second, he argues that the District Court erred in granting summary judgment on the issue of timely notification under a disputed disability policy.

**DISCUSSION**

We review *de novo* whether the District Court had subject-matter jurisdiction under the FAA. *See United States v. Douglas*, 626 F.3d 161, 164-165 (2d Cir. 2010). Likewise, we review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is

2

proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting FED. R. CIV. P. 56(a)).

The parties entered into a Certificate of Insurance ("Certificate"), which they agree is an enforceable contract. *Bakoss*, 2011 WL 4529668, at *7. The Certificate provided for the payment of a benefit to Bakoss in the event he became "Permanently Totally Disabled"—a status that Bakoss could invoke if "in the opinion of a Competent Medical Authority [he] [would] not recover from the effects of a Sickness or Injury to the extent that [he] [would] ever be able to resume the Material and Substantial duties of [his] occupation."[2] *Id.* at *1 (internal quotation marks omitted). The Certificate also provides each party with the right to have Bakoss examined by a physician of its choice for the purpose of determining whether he was "totally disabled." In the event of a disagreement between each party's physician, the Certificate states that those two physicians "shall [jointly] name a third Physician to make a decision on the matter which shall be final and binding." *Id.* at *4.[3]

In removing this case from state court in New York to the District Court, Lloyds claimed that the third-physician clause is an arbitration agreement, thus providing federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), the Convention, and the FAA. *See* 9 U.S.C. §§ 201-208.[4] Applying federal common law, the District Court held that (1) the third-physician clause is an agreement to arbitrate, and (2) federal jurisdiction exists under the FAA.

---

[2] Bakoss did not elect coverage in the event of a non-permanent "Total Disability."

[3] Bakoss notes that the third-physician process would only be dispositive on the question of Total Disability, but is not applicable to determining permanency. "Total Disability" is separately defined in the Certificate as existing when "due to Sickness or Injury [the claimant] cannot perform the Substantial and Material duties of [the claimant's] occupation."

[4] The FAA does not independently confer subject-matter jurisdiction on the federal courts but "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the [New York Convention]." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012); *see also* 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may . . . remove such action or proceeding to the district court of the United States . . . ."); *id.* § 203 ("An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.").

3

Bakoss challenges this determination by arguing, in part, that since the FAA does not supply a definition for "arbitration," the District Court should have looked to New York law, rather than federal common law, to define that term. *See, e.g.*, *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 693 (6th Cir. 2012) (noting that because the FAA does not define "arbitration" the court needed to "decide which source of law provides that definition"); *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n, as Tr. for Trust No. 1*, 218 F.3d 1085, 1086 (9th Cir. 2000) (same); *Harrison v. Nissan Motor Corp. in U.S.A.*, 111 F.3d 343, 350 (3d Cir. 1997) (same).

Judge Irizarry relied upon two federal common law cases within this circuit, *see McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 858 F.2d 825 (2d Cir. 1988), and *AMF Inc. v. Brunswick Corp.* ["*AMF*"], 621 F. Supp. 456 (E.D.N.Y. 1985), to determine "whether the agreement in question is in fact an agreement to arbitrate." *Bakoss*, 2011 WL 4529668, at *6. In *McDonnell Douglas Finance Corp.*, we considered the question of whether contractual language "calling for the appointment of an independent tax counsel . . . constitute[s] an enforceable arbitration clause" and concluded that it does because "the language clearly manifests an intention by the parties to submit certain disputes to a specified third party for binding resolution." 858 F.2d at 830. Similarly, in *AMF*, Judge Weinstein noted that under the FAA "[a]n adversary proceeding, submission of evidence, witnesses and cross-examination are not essential elements of arbitration" and held that "[i]f the parties have agreed to submit a dispute for a decision by a third party, they have agreed to arbitration." 621 F. Supp. at 460.

Judge Irizarry followed these cases and held that the third-physician provision in the Certificate is an arbitration clause because the parties agreed to submit a medically-related policy dispute to "a third Physician who [would] make a final and binding decision." *Bakoss*, 2011 WL 4529668, at *7. While Judge Irizarry did not explicitly state that she was applying federal common law, her reliance on *McDonnell Douglas Fin. Corp.* and *AMF*, and the absence of citations to any cases

4

applying New York law, make plain that she relied on federal common law in determining that the third-physician clause was an agreement to arbitrate. *Id.*

We have not directly addressed whether federal courts should look to state law or federal common law for the definition of "arbitration" under the FAA. We do so now and hold that federal common law provides the definition of "arbitration" under the FAA.

"Congress sometimes intends that a statutory term be given content by the application of state law," but absent "a plain indication to the contrary" we presume that "the application of the federal act [is not] dependent on state law." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989) (quotation marks omitted). Unless "uniform nationwide application . . . clearly was not intended," we apply a federal standard without reference to state law. *Id.*

The other Courts of Appeals that have considered this question have reached differing conclusions. *Compare Evanston Ins.*, 683 F.3d at 693 (noting the circuit split and concluding that federal law ought to govern); *Salt Lake Tribune Pub'l Co. v. Mgmt. Planning, Inc.*, 390 F.3d 684, 689 (10th Cir. 2004) (applying federal law); *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 6-7 (1st Cir. 2004) (applying federal law), *with Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1061-63 (5th Cir. 1990) (applying state law); *Wasyl, Inc., v. First Bos. Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) (applying state law).

The circuits that apply federal common law have relied on congressional intent to create a uniform national arbitration policy. *See Evanston Ins.*, 683 F.3d at 693 (noting that "[i]t seems counter-intuitive to look to state law to define a term in a federal statute on a subject as to which Congress has declared the need for national uniformity" (internal quotation marks omitted)); *Fit Tech*, 374 F.3d at 6 ("[W]hether what has been agreed to amounts to 'arbitration' under the Federal Arbitration Act depends on what Congress meant by the term in the federal statute. Assuredly Congress intended a 'national' definition for a national policy."); *Salt Lake Tribune Pub'l*, 390 F.3d at

5

688-89 (holding that federal law governs because, among other reasons, "Congress passed the FAA to ensure that state law would not undermine arbitration agreements").

By contrast, the circuits that apply state law have "articulated few reasons for doing so." *Liberty Mut. Grp., Inc. v. Wright*, No. 12-CV-0282, 2012 WL 718857, at *4 (D. Md. Mar. 5, 2012); *see also Fit Tech*, 374 F.3d at 6 (noting that the Ninth Circuit decision in *Wasyl* "assumed without real analysis that state law governed"). Indeed, although *Wasyl* remains good law in the Ninth Circuit, a subsequent Ninth Circuit panel expressly questioned whether *Wasyl* had been correctly decided. *See Portland Gen. Elec.*, 218 F.3d at 1091 (Tashima, J., concurring); *id.* at 1091-92 (McKeown, J., specially concurring).

We agree with the compelling analysis of the circuits that have followed federal law in defining the scope of "arbitration" under the FAA. Applying state law would create "a patchwork in which the FAA will mean one thing in one state and something else in another," *Portland Gen. Elec.*, 218 F.3d at 1091 (Tashima, J., concurring), and there is no indication that Congress intended that result. Consequently, we hold that the District Court correctly applied federal common law in determining that the third-physician clause is an "arbitration" agreement under the FAA.

Finally, Bakoss argues that the District Court improperly granted summary judgment based upon his failure to give timely notice of his potential permanent disability.[5] Having reviewed the record *de novo*, we affirm the District Court's grant of summary judgment to the defendant for substantially the reasons stated by the District Court in its Opinion and Order dated September 27, 2011.

---

[5] The Certificate included a provision obligating Bakoss to give written notice of a claim within twenty days "after the date of a potential qualifying loss, or as soon after that as . . . reasonably possible." *Bakoss*, 2011 WL 4529668, at *8.

**CONCLUSION**

To summarize,

(1) We hold that the meaning of "arbitration" under the Federal Arbitration Act is governed by federal common law—not state law.

(2) We conclude that the District Court—applying cases resting on federal common law—properly decided that it had subject-matter jurisdiction over this suit.

(3) We conclude also that the District Court properly granted summary judgment to the defendant.

Accordingly, we **AFFIRM** the September 28, 2011 judgment of the District Court.