14-0103-cv
*Stropkay, et al. v. Garden City Union Free Sch. Dist., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

AT A STATED TERM OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, HELD AT THE THURGOOD MARSHALL UNITED STATES COURTHOUSE, 40 FOLEY SQUARE, IN THE CITY OF NEW YORK, ON THE 3rd DAY OF DECEMBER, TWO THOUSAND FOURTEEN.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
                    *Circuit Judges.*

-------------------------------------------------

Denise Stropkay, individually and on behalf of
Dayna Stropkay; Melanie Donus, individually
and on behalf of Michael Donus and Dimitri
Donus; Diane Collins, individually and on behalf
of Katie Collins,

　　　　*Plaintiffs-Appellants,*

　　　　　　v.　　　　　　　　　　　　　　No. 14-0103-cv

Garden City Union Free School District,
Board of Education of the Garden City
Union Free School District,

　　　　*Defendants-Appellees.*

-------------------------------------------------

**FOR PLAINTIFFS-APPELLANTS:**　　　Steven A. Morelli, Law Office
　　　　　　　　　　　　　　　　　　of Steven A. Morelli, P.C.,
　　　　　　　　　　　　　　　　　　Garden City, NY.

**FOR DEFENDANTS-APPELLEES:** Lewis R. Silverman, Caroline B. Lineen, Rutherford & Christie, LLP, New York, NY.

Appeal from a December 12, 2013 decision of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.**

Plaintiffs-appellants, the parents of four children with disabilities who are current or former students in defendant appellee Garden City Union Free School District, appeal from the District Court's decision granting defendant-appellees' motion for judgment on the pleadings. Plaintiffs' complaint asserted claims for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and 42 U.S.C. § 1983 as well as claims for retaliation in violation of the ADA and the Rehabilitation Act. The District Court held that it lacked subject matter jurisdiction over plaintiffs' claims because plaintiffs had failed to exhaust their administrative remedies prior to commencing litigation, as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and further concluded that this failure to exhaust

was not excused under either of the two potential futility exemptions. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(c) or 12(b)(1), accepting the well-pleaded allegations in the complaint as true. *See Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). Upon an independent review of the record on appeal and upon consideration of the arguments advanced by the parties, we affirm the judgment of the District Court with respect to nearly all of plaintiffs' asserted claims for discrimination and retaliation, substantially for the reasons set forth in the December 12, 2013 Memorandum and Order, *see Donus v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 218, 226-32 (E.D.N.Y. 2013). We vacate and remand, however, the District Court's judgment concerning plaintiffs' claim that the School District failed to implement certain clearly-stated Individualized Education Programs (IEPs). We find that those IEP claims were not subject to the administrative exhaustion

requirement under the futility exception, *see Polera v. Bd. of Educ. of Newburgh*, 288 F.3d 478, 488-49 (2d Cir. 2002).

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. ex rel N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004). Although plaintiffs here did not expressly advance any cause of action under the IDEA, the statute extends the exhaustion requirement to actions "under such laws seeking relief that is also available under this subchapter." 20 U.S.C. § 1415(l). We construe this statutory language broadly, such that plaintiffs' request for damages, a form of relief not available under the IDEA, does not enable them to "bypass the IDEA's administrative exhaustion rule." *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 247 (2d Cir. 2008) (citing *Polera*, 288 F.3d at 488). Where, as here, plaintiffs raise "grievances related to the education of disabled children," they are obligated to "exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)." *Polera*, 288 F.3d at 481. "Failure to exhaust the administrative remedies deprives the court of subject matter jurisdiction." *Cave*, 514 F.3d at 245 (citing *Polera*, 288 F.3d at 483).

It is undisputed that plaintiffs did not exhaust the administrative review process required by the IDEA. Nevertheless, plaintiffs argue that this failure did not deprive the court of subject matter jurisdiction because (1) their retaliation claims were not subject to the IDEA exhaustion requirement, and (2) their failure to exhaust the discrimination claims should be excused under one or both of the futility exemptions.

Plaintiffs' retaliation claims rest on a limited set of alleged retaliatory acts: that defendants limited communication with plaintiff Denise Stropkay to one point of contact, that defendants prevented the use of an upgraded power wheelchair on purported safety grounds, that defendants imposed certain toileting requirements for a student they incorrectly claimed was incontinent, and that defendants placed one phone call to Child Protective Services after plaintiff Diane Collins yelled at District representatives visiting her home, an incident which caused trauma to her disabled daughter. Appellant's Br. at 53-55; Am. Compl. ¶¶ 54-111, 333-345. According to the amended complaint, the gravamen of the retaliation claim is that "Defendants made several individual adverse decisions against Plaintiffs" in retaliation for plaintiffs' "engage[ment] in protected activities under the ADA and Rehabilitation Act by

5

advocating for reasonable accommodations and against Defendants' discriminatory practices." Am. Compl. ¶¶ 384, 386.

Because these claims constitute "grievances related to the education of disabled children," they are subject to the IDEA's exhaustion requirements. *Polera*, 288 F.3d at 481. We have previously explained that "education, as used within the IDEA, encompasses more than simply academics," especially in light of the IDEA's statutory goal to provide students with "services designed to meet their unique needs and prepare them for further education, employment and independent living." *Cave*, 514 F.3d at 248 (alterations omitted) (quoting 20 U.S.C. § 1400(d)(1)(A)). Just as a hearing-impaired student's request for a service dog falls within the ambit of the IDEA's framework, *see id.*, so too do the wheelchair, toileting, and other issues raised here.

As to their discrimination claims, plaintiffs rely on the principle that the IDEA's exhaustion requirement will be excused in those circumstances where exhaustion would be futile. *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) (quoting *Polera*, 288 F.3d at 488). To demonstrate futility, a plaintiff must show that "adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *Id.* (internal quotation marks ommitted) (quoting *J.G. v. Bd. of Educ. of Rochester City Sch. Dist.*, 830

6

F.2d 444, 447 (2d Cir. 1987)). Circumstances evincing futility may arise, for example, where the complaint alleges "systemic violations" that the administrative review process "had no power to correct," *J.S.*, 386 F.3d at 113, or where the complaint alleges that the defendant school district "had failed to implement the clearly-stated requirements of the IEPs." *Polera*, 288 F.3d at 488. Plaintiffs here claim the benefit of both exemptions.

Plaintiffs' argument that the complaint alleges systemic violations fails because the need for specific services differs from student to student and is circumstance-dependent. Allegingthat some students were denied services is not sufficient to allege "systemic violations" and thus does not exempt plaintiffs from the need to exhaust administrative remedies. *J.S.*, 386 F.3d at 113.

As noted above, however, a claim that a defendant failed to implement specific IEP requirements need not be exhausted. *See id.* Plaintiffs allege that, from January 2013 to June 2013, Michael Donus did not receive the speech or occupational therapy prescribed by his IEP. Accepting this allegation as true, *Sharkey*, 541 F.3d at 83, we vacate the judgment and remand with respect to this allegation. We of course intimate no view as to whether the IEPs clearly required such services.

7

It is further alleged that, during the beginning of the 2004 school year, defendants failed to provide Katie Collins with a 1:1 aide, as required by her IEP. Joint App. at 121. Plaintiffs, however, brought suit under the ADA, Rehabilitation Act, and § 1983, all of which have three year statutes of limitations in these circumstances. N.Y. C.P.L.R. § 214(5); *see also Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson,* 545 U.S. 409, 414 (2005) ("To determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally 'borrow' the most closely analogous state limitations period."); *Piazza.*, 777 F. Supp. 2d at 687 ("Rehabilitation Act claims in New York are governed by New York's three-year statute of limitations governing personal injury actions."); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (stating that three years is the appropriate statute of limitations for New-York-based § 1983 claims); *Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07 Civ. 8828, 2009 WL 3151200, at *8 (S.D.N.Y. Sept. 29, 2009) ("New York's three-year statute of limitations applicable to personal injury actions is the most analogous state statute of limitations for claims brought under . . . the ADA"). Under all three statutory regimes, claims accrue "when [plaintiff] knew or

8

had reason to know of the injury serving as the basis for his claim." *Harris*, 186 F.3d at 247.

The action was brought on January 28, 2013; therefore, any claims that accrued prior to January 28, 2010—including Katie Collins' claim that defendants failed to provide a 1:1 aide—are untimely. Even if we apply the infancy toll under N.Y. C.P.L.R. § 208, the statute of limitations is only tolled for three years after infancy ceases. Katie Collins turned 18 on January 3, 2010, so the statute of limitations was only extended until January 3, 2013.

We hold that the remainder of plaintiffs' IEP-related claims challenge the adequacy rather than the implementation of IEPs and should have been exhausted. *See* Polera, 288 F.3d at 489 (cautioning that claims of failure to implement must be "closely examine[d]" lest the "futility exception . . . swallow the exhaustion requirement.").

**CONCLUSION**

We have considered all of the arguments raised by plaintiffs on appeal. For the foregoing reasons, we **AFFIRM IN PART AND VACATE AND REMAND IN PART** the District Court's December 12, 2013 judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

9