**18-2859-cv**
*Purcell v. N.Y. Inst. of Tech., C. of Osteopathic Med.*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM, 2018

ARGUED: APRIL 3, 2019
DECIDED: JULY 18, 2019

No. 18-2859-cv

JOHN PURCELL,
*Plaintiff-Appellant,*

*v.*

NEW YORK INSTITUTE OF TECHNOLOGY - COLLEGE OF OSTEOPATHIC
MEDICINE,
*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 16-cv-03555 (JMA) (AKT) – Joan M. Azrack, *Judge.*

————

Before: KATZMANN, *Chief Judge*, and WALKER and CABRANES, *Circuit Judges.*

————

Plaintiff-Appellant John Purcell ("Purcell") brought this action against Defendant-Appellee New York Institute of Technology – College of Osteopathic Medicine ("NYIT") alleging violations of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12182, Title IX of the Education Amendments of 1972 ("Title

IX"), 20 U.S.C. § 1681 *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Purcell's claims relate to events that took place in 2010 and 2011 during his second year of medical school at NYIT (the "2010–11 Claims") and in 2013 and 2014 during and after his fourth year of medical school at NYIT (the "2013–14 Claims"). The district court (Joan M. Azrack, *Judge*) dismissed Purcell's 2013–14 Claims, holding that they needed to be brought in a New York State Article 78 Proceeding within the four-month statute of limitations for such a proceeding. The district court also dismissed Purcell's 2010–11 Claims as untimely after concluding that the continuing violation doctrine did not apply to Purcell's 2010–11 Claims. We agree that Purcell's 2010–11 Claims are untimely but disagree that Purcell's 2013–14 Claims under the ADA and Title IX must be brought within four months in a New York State Article 78 Proceeding. We therefore AFFIRM the district court's dismissal of Purcell's 2010–11 Claims, VACATE the district court's dismissal of Purcell's 2013–14 ADA and Title IX claims, and REMAND for further proceedings.

————

STEWART LEE KARLIN, Stewart Lee Karlin Law Group, PC, New York, NY, *for Plaintiff-Appellant*.

DOUGLAS P. CATALANO (Stefanie R. Munsky and Jamie Lang, *on the brief*), Clifton Budd & DeMaria, LLP, New York, NY, *for Defendant-Appellee*.

————

JOHN M. WALKER, JR., *Circuit Judge*:

Plaintiff-Appellant John Purcell ("Purcell") brought this action against Defendant-Appellee New York Institute of Technology – College of Osteopathic Medicine ("NYIT") alleging violations of the Americans with Disabilities Act,

("ADA"), 42 U.S.C. § 12182, Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Purcell's claims relate to events that took place in 2010 and 2011 during his second year of medical school at NYIT (the "2010–11 Claims") and in 2013 and 2014 during and after his fourth year of medical school at NYIT (the "2013–14 Claims"). The district court (Joan M. Azrack, *Judge*) dismissed Purcell's 2013–14 Claims, holding that they needed to be brought in a New York State Article 78 Proceeding within the four-month statute of limitations for such a proceeding. The district court also dismissed Purcell's 2010–11 Claims as untimely after concluding that the continuing violation doctrine did not apply to Purcell's 2010–11 Claims. We agree that Purcell's 2010–11 Claims are untimely but disagree that Purcell's 2013–14 Claims under the ADA and Title IX must be brought within four months in a New York State Article 78 Proceeding. We therefore AFFIRM the district court's dismissal of Purcell's 2010–11 Claims, VACATE the district court's dismissal of Purcell's 2013–14 ADA and Title IX claims, and REMAND for further proceedings.

## BACKGROUND

Purcell alleges that NYIT discriminated against him based on his homosexuality and mental-health disability. The following facts are taken from Purcell's amended complaint and must be accepted as true at the pleading stage.[1]

### A. Purcell's 2010–11 Claims

On October 22, 2010, Purcell was unable to take one of his exams because of extreme anxiety caused by a "stalking" situation in his personal life.[2] Purcell sought help from Claire Bryant, one of the deans at NYIT, who suggested that

---

[1] *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (per curiam).

[2] App'x at 12.

4

Purcell speak with other faculty and set up a further meeting that included three other NYIT deans and a fourth NYIT faculty member. During this meeting, Purcell discussed his grades and personal situation, and one of the deans asked Purcell psychiatric questions and other questions about his medical history. Purcell was embarrassed by these questions and began crying. He was not permitted to leave the meeting until the deans escorted him to the academic health center. Purcell met with NYIT deans several more times during the school year, and during these meetings, the NYIT deans asked him questions about his personal life, medical history, and medication, and urged him to release his medical records to them.

Purcell also alleges that various acts of discrimination relating to his homosexuality took place throughout the school year. Specifically, Purcell alleges that he was sent X-rated pictures by an employee of NYIT through a mobile phone application; that several NYIT staff members made homophobic remarks to him or in his presence, including a professor who "use[d] the terms, 'pitcher and catcher' to describe gay men when lecturing to the class"; and that class materials distributed to students included histories of patients diagnosed as "significant for homosexuality."[3]

B. Purcell's 2013–14 Claims

During his fourth year of medical school, Purcell failed three of his clinical clerkships. On May 22, 2013, Purcell was informed that the Student Discipline Review Board determined that he violated the NYIT College of Osteopathic Medicine Code of Conduct for Academic Honesty. The board suspended Purcell for at least six months and conditioned the possibility of his return "upon a complete review of evaluations of [his] fourth year clerkships and a psychiatric

---

[3] *Id.* at 14.

evaluation performed by a physician chosen by the College."[4]  From the facts alleged in Purcell's complaint, it is not clear whether this psychiatric evaluation was completed.  On June 3, 2013, Purcell was informed by letter that he was "dismissed" from NYIT because he failed three clinical clerkships.[5]

Purcell petitioned to be reinstated.  He asserts that, during the course of the reinstatement proceedings, multiple NYIT staff members made derogatory remarks regarding his mental health and sexual orientation.  NYIT again conditioned its review of Purcell's petition on a psychiatric assessment, but the complaint is unclear as to whether Purcell agreed to this assessment or whether it was conducted.  Purcell did meet with the Student Progress Committee on August 15, 2013, and with Dean Wolfgang G. Gilliar on August 27, 2013.  The next day, Purcell's petition for reinstatement was denied on the basis of the previous day's meeting with Dean Gilliar "and a careful review" of Purcell's "academic progress" and "personal circumstances."[6]  On April 2, 2014, Purcell appealed the decision to Associate Dean Ronald Portanova, and his appeal was denied.

C. Procedural History

On May 13, 2016, Purcell filed this action in New York State Supreme Court, claiming relief under the ADA, Title IX, and NYSHRL.  On June 28, 2016, NYIT removed the action to federal court.  NYIT then moved to dismiss the action.  The district court referred the motion to a magistrate judge, and on August 4, 2017, the magistrate judge issued her Report and Recommendation recommending that Purcell's 2013–14 Claims be dismissed as untimely because they were not brought in a New York State Article 78 Proceeding within Article 78's four-month statute

---

[4] *Id.* at 16–17.

[5] *Id.* at 17.

[6] *Id.* at 18.

of limitations, but that Purcell be permitted to pursue his 2010–11 Claims. In an order entered on September 18, 2017, the district court adopted the magistrate judge's recommendations and dismissed Purcell's 2013–14 Claims. On December 8, 2017, NYIT filed another motion to dismiss the remaining 2010–11 Claims, and on August 30, 2018, the district court dismissed Purcell's 2010–11 Claims, concluding that these claims were also untimely. This appeal followed.

## DISCUSSION

"We review *de novo* the district court's grant of a motion to dismiss,"[7] "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."[8]

Purcell's 2010–11 Claims and 2013–14 Claims were both dismissed as untimely, although for different reasons, and on appeal, Purcell challenges both decisions. We agree that the district court erred in dismissing Purcell's 2013–14 Claims brought under the ADA and Title IX, but not his 2010–11 Claims.[9]

A. <u>Purcell's 2013–14 Claims</u>

Neither Title IX nor the ADA includes an express statute of limitations, and the four-year federal catch-all statute of limitations does not apply to either.[10]

---

[7] *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

[8] *Leibowitz*, 445 F.3d at 590.

[9] To the extent Purcell's appeal can be read to challenge dismissal of his NYSHRL claims as well as his federal ones, any such challenge has been forfeited because Purcell's argument in his opening brief regarding his 2013–14 Claims addressed only his ADA and Title IX claims. *See GlobalNet Financial.Com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 385 (2d Cir. 2006). In any event, the reasons we give today for reversing the district court's dismissal of Purcell's federal claims do not apply to his NYSHRL claims.

[10] "[A] cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 — and therefore is governed by § 1658's 4-year statute of limitations — if the plaintiff's claim against

Accordingly, "we must apply 'the most appropriate or analogous state statute of limitations.'"[11]

In *Curto*, we agreed with our sister circuits that personal injury actions are the "most closely analogous" to Title IX claims, and thus applied New York's three-year statute of limitations to Title IX claims.[12] District courts in this circuit have used the same reasoning with respect to ADA claims, applying either a three-year statute of limitations under New York law,[13] or Connecticut's three-year general tort statute of limitations.[14] We have found no corresponding case from Vermont. We have also previously endorsed a three-year statute of limitations for New York-based ADA claims by summary order,[15] and explicitly do so now in this published opinion.[16]

---

the defendant was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Both the ADA and Title IX were enacted prior to December 1, 1990.

[11] *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (per curiam) (quoting *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)); *see also Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 414 (2005) ("To determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally 'borrow' the most closely analogous state limitations period.").

[12] *Curto*, 392 F.3d at 504.

[13] *See, e.g., Volpe v. New York City Dep't of Educ.*, 195 F. Supp. 3d 582, 594 (S.D.N.Y. 2016); *De La Rosa v. Lewis Foods of 42nd St., LLC*, 124 F. Supp. 3d 290, 299, n.14 (S.D.N.Y. 2015); *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011).

[14] *Duprey v. Connecticut Dep't of Motor Vehicles*, 191 F.R.D. 329, 341 (D. Conn. 2000).

[15] *See, e.g., Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (summary order).

[16] This holding does not affect our prior decisions regarding employment discrimination claims under Title I of the ADA, which are subject to a 180-day or 300-day time limit within which a plaintiff must file a complaint with the EEOC. *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999).

8

The outcome reached by the magistrate judge and district court implies that in this case, the most appropriate or analogous state statute of limitations might be the four-month statute of limitations applicable to a New York State Article 78 Proceeding.  Although New York courts have determined that "CPLR article 78 proceedings are the appropriate vehicle" for "controversies involving colleges and universities,"[17] we do not believe that the statute of limitations for ADA and Title IX claims involving decisions by colleges and universities should be any different from other ADA or Title IX claims.[18]

The magistrate judge and district court, however, framed the issue not in terms of the statute of limitations but rather in terms of the remedy.  As noted above, New York state courts have established a "policy that the administrative decisions of educational institutions involve the exercise of highly specialized professional judgment," and have determined that the constrained scope of an Article 78 proceeding best "ensure[s] that the over-all integrity of the educational institution is maintained."[19]  Therefore, the court below held, the exclusive remedy for Purcell's alleged wrongs was an Article 78 Proceeding brought in New York state court.

Respectfully, this was error.  Purcell has raised federal claims in federal court.  "[A]bsent a 'plain indication to the contrary' we presume that 'the application of [a] federal act [is not] dependent on state law.'"[20]  Aside from the

---

[17] *Maas v. Cornell Univ.*, 94 N.Y.2d 87, 92 (1999).

[18] *See Wilson v. Garcia*, 471 U.S. 261, 272 (1985) (in determining which state statute of limitations applies to a § 1983 claim, a "broad characterization" of all claims is favored over "an analysis of the particular facts of each claim"), *superseded by statute on other grounds*, 28 U.S.C. § 1658, *as recognized in Jones*, 541 U.S. 369.

[19] *Maas*, 721 N.E.2d at 968–69.

[20] *Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135*, 707 F.3d 140, 143 (2d Cir. 2013) (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989));

9

statute of limitations issue we have just canvassed, there is no plain indication in the ADA or Title IX that either federal-court jurisdiction or the scope of a claim under those statutes is dependent on state law.  To the contrary, both laws clearly lay out the standards for asserting a claim,[21] and both just as clearly apply to private colleges like NYIT.[22]  However strongly New York may feel about the need to defer to academic decision-making, and however justified its decision to funnel all related *state* claims into Article 78 proceedings may be, New York cannot "nullify a *federal* right or cause of action [it] believe[s] is inconsistent with [its] local policies."[23]

NYIT cites a summary order, *Attallah v. New York College of Osteopathic Medicine*,[24] for the proposition that this Court has allowed dismissal of a federal civil rights claim because Article 78 was available.  However, *Attallah* dealt with a § 1983 procedural due process claim.  Applying longstanding due process doctrine, this Court affirmed the district court's conclusion "that Attallah could not plausibly claim the deprivation of a protected interest without due process of law because an adequate post-deprivation remedy in the form of an Article 78 proceeding was *available* under state law."[25]  Indeed, this Court explicitly disabused the plaintiff of his belief that the district court had applied New York's

---

*see also Van Gemert v. Boeing Co.*, 553 F.2d 812, 813 (2d Cir. 1977) ("It is the source of the right . . . which determines the controlling law.").

[21] *See* 20 U.S.C. § 1681; 42 U.S.C. § 12182.

[22] NYIT, "as a 'postgraduate private school,' is doubtless a place of public accommodation" within the meaning of the ADA. *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) (per curiam) (citing 42 U.S.C. § 12181(7)(J)). Title IX's definition of a covered program, meanwhile, includes any "college, university, or other postsecondary institution" that received federal funding.  20 U.S.C. § 1687(2)(A).

[23] *Haywood v. Drown*, 556 U.S. 729, 736 (2009) (emphasis added).

[24] 643 F. App'x 7 (2d Cir. 2016).

[25] *Id.* at 9–10.

10

university doctrine to his claim.[26] It is instead the rule NYIT proposes—that federal antidiscrimination claims involving academic and disciplinary decisions by private New York universities must be brought in Article 78 Proceedings—that would contradict decisions of this Court, many of which have adjudicated ADA and Title IX claims in those precise circumstances.[27] Purcell may bring his federal claims against NYIT in federal court.[28]

For these reasons, we hold that the four-month statute of limitations for a New York State Article 78 Proceeding does not apply to Purcell's ADA and Title IX claims. Rather, a three-year statute of limitations applies to both claims, and because Purcell brought this action on May 13, 2016, his 2013–14 Claims are timely.

B. Purcell's 2010–11 Claims

Purcell does not dispute that this action was filed more than three years after his 2010–11 Claims accrued, but on appeal, Purcell argues that the district court

---

[26] *See id.* at 9.

[27] *See, e.g., Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Lipton v. New York Univ. Coll. of Dentistry*, 507 F. App'x 10 (2d Cir. 2013) (summary order); *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81 (2d Cir. 2011); *Maxwell v. New York Univ.*, 407 F. App'x 524 (2d Cir. 2010) (summary order); *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135 (2d Cir. 2007) (per curiam); *Ascani v. Hofstra Univ.*, 173 F.3d 843 (2d Cir. 1999) (summary order); *Yusuf v. Vassar Coll.*, 35 F.3d 709 (2d Cir. 1994).

[28] NYIT also cites a state-court case in which a (federal) Title VI race discrimination claim against a university was dismissed on the basis that it had to be adjudicated in an Article 78 proceeding. *See Dawson v. New York Univ.*, 2017 WL 276331 (N.Y. Sup. Ct. Jan. 20, 2017), *aff'd*, 160 A.D.3d 555 (N.Y. App. Div. 2018). Even assuming New York can apply its university claim-funneling doctrine to federal antidiscrimination claims in state court, *but see Haywood*, 556 U.S. at 740 ("having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy"), *Dawson* does not apply here because NYIT removed this case to federal court.

11

erred in dismissing his 2010–11 Claims as untimely because it failed to apply the continuing violation doctrine to his 2010–11 Claims.

"[U]nder the continuing violation doctrine, a plaintiff may bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that [discrimination] took place within the statutory time period."[29]  Therefore, "a continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the [defendant] to continue unremedied for so long as to amount to a discriminatory policy or practice."[30]

We agree with the district court that the continuing violation doctrine does not apply to Purcell's 2010–11 Claims because "the amended complaint does not plausibly allege that [Purcell's 2010–11 Claims and 2013–14 Claims] are part of the same alleged hostile environment practice."[31]  Purcell's 2010–11 Claims and 2013–14 Claims are separated by almost two years, during which period he does not allege any discrimination by NYIT.  Due to this significant passage of time, Purcell has not plausibly alleged that he is the victim of any "ongoing" discriminatory practice or policy.[32]  Additionally, of the harassers named in Purcell's 2010–11 Claims, only one reappears in Purcell's 2013–14 Claims.  The lack of overlap

---

[29] *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011) (internal quotation marks and brackets omitted).

[30] *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994).

[31] App'x at 150.  Because we agree that the continuing violation doctrine does not apply to Purcell's 2010–11 Claims, we need not address the district court's alternative reasoning that "because Plaintiff's 2013[–14] Claims are premised on a discrete act–his dismissal from NYIT–those claims cannot save his untimely" 2010–11 Claims.  *Id.* at 151.

[32] *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010).

12

between alleged harassers also points against finding a continuing violation.[33] Therefore, we agree with the district court that Purcell's 2010–11 Claims are untimely and cannot be saved by the continuing violation doctrine.

**CONCLUSION**

For the reasons stated above, we AFFIRM the district court's dismissal of Purcell's 2010–11 Claims, VACATE the district court's dismissal of Purcell's 2013–14 Claims brought under the ADA and Title IX, and REMAND for further proceedings.

---

[33] *See Sanderson v. N.Y. State Elec. & Gas Corp.*, 560 F. App'x 88, 92 (2d Cir. 2014) (summary order); *McGullam*, 609 F.3d at 78.