24-2750-cv
*Pund v. St. Francis College*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

BECKY PUND, CHARLES PUND,

> *Plaintiffs-Appellants*,

v.                                                                    24-2750-cv

ST. FRANCIS COLLEGE, IRMA GARCIA,
JOHN THURSTON, JOHN DOES 1-10,

> *Defendants-Appellees*.

---

For Plaintiffs-Appellants:          James P. Gianakis, Gianakis Law LLC, Short Hills, NJ

For Defendants-Appellees:          Ryan Soebke, Ariel E. Ronneburger, Cullen and Dykman LLP, Uniondale, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Becky Pund and her father Charles Pund appeal from a judgment entered on September 16, 2024, in the United States District Court for the Eastern District of New York (Hector Gonzalez, *District Judge*) granting summary judgment in favor of Defendants St. Francis College and Irma Garcia (collectively "Defendants"). The Punds argue that the district court erred by: (1) converting Defendants' motion to dismiss into a motion for summary judgment, (2) granting summary judgment in favor of Defendants after finding that the statute of limitations barred the Punds' Title IX claim stemming from Ms. Pund's participation in the women's basketball program at St. Francis College, (3) declining to exercise supplemental jurisdiction over the Punds' state-law claims, (4) staying discovery and denying the Punds' request for extended discovery, and (5) declining to hold oral argument before granting summary judgment in favor of Defendants. The other defendants named in the complaint were dismissed as parties in this same grant of summary judgment, and the Punds do not challenge these dismissals on appeal. We assume the parties' familiarity with the case.

A district court's decision to convert a motion to dismiss into a motion for summary judgment is reviewed for abuse of discretion. *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998). A grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure is reviewed *de novo*. *See Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023). A district court's decision to decline to exercise supplemental jurisdiction is reviewed for abuse of discretion, *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003), as is a district court's decision to stay discovery, *In re Agent Orange*

*Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008), or decline to hold oral arguments, *AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 226 (2d Cir. 1999).

## I.    Conversion of Motion to Dismiss Into Motion for Summary Judgment

Federal Rule of Civil Procedure 12(d) provides for a court to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment if matters outside the pleadings "are presented to and not excluded by the court," so long as all parties are given a reasonable opportunity to present all material that is pertinent to the motion.   The Punds challenge the district court's decision to convert Defendants' motion to dismiss into a motion for summary judgment on the issue of the statute of limitations.

Here, Defendants presented the district court with evidence outside the pleadings, namely Ms. Pund's transcript and a declaration from St. Francis College's Registrar, to assist in the court's determination of whether the Punds' Title IX claims were timely.  The district court, finding these materials relevant and helpful to deciding the issue before it, chose to consider this evidence.  As a result, the district court issued an order converting Defendants' motion to dismiss into a motion for summary judgment on the statute of limitations issue.   This order outlined, in detail, the steps the Punds needed to take to successfully oppose the converted motion, including presenting evidence that raised a genuine issue of material fact, or outlining in sufficient detail what additional discovery they needed from Defendants and why that discovery would be likely to create an issue of material fact.  The Punds, however, did neither.  They made only broad, conclusory statements as to why the motion to dismiss should not have been converted into a motion for summary judgment and failed to point to any evidence in their possession or Defendants' that would establish or be likely to establish a genuine issue of material fact on the statute of limitations issue. Because the district court considered evidence outside the pleadings and the Punds did not raise a

genuine issue of material fact, the district court did not abuse its discretion when it converted Defendants' motion to dismiss into a motion for summary judgment.

## II. Timeliness of the Punds' Title IX Claim

Title IX, codified at 20 U.S.C. § 1681, prohibits sex-based discrimination in "any education program or activity receiving Federal financial assistance." Because Title IX does not contain a statute of limitations, courts apply "the most appropriate or analogous state statute of limitations" to Title IX claims. *Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 63 (2d Cir. 2019). This Court has determined that Title IX claims are most analogous to personal injury claims, *id.*, and the statute of limitations in New York for personal injury claims is three years from when a claim accrues, N.Y. C.P.L.R. § 214(5). Accordingly, the statute of limitations for the Punds' Title IX claim is three years.

Most of the events giving rise to the Punds' Title IX claim occurred while Ms. Pund was a student at St. Francis College from summer 2014 until May 2016. The Punds did not file this action until February 2023. Applying the three-year statute of limitations, we conclude that the Punds' Title IX claim accrued prior to February 2020 and is therefore time-barred. The Punds' two arguments to the contrary are unpersuasive.

First, the Punds contend that Ms. Pund continues to feel the effects of the events that occurred during her time at St. Francis College. The Punds provide no evidence, however, of ongoing discrimination or of discriminatory events that occurred between February 2020 and February 2023. The Punds' vague and unspecific statement that Ms. Pund continues to be affected, without more, is insufficient to establish that any Title IX violations occurred within the statute of limitations period.

Second, the Punds allege that the continuing violation doctrine applies to their Title IX

claim. "[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act," *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999), nor does the doctrine cover "discrete discriminatory acts," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Rather, "[t]he continuing violation exception applies to cases involving specific discriminatory policies," and importantly, "multiple incidents of discrimination . . . that are not the result of a discriminatory policy . . . do not amount to a continuing violation." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993). The Punds present no evidence of specific discriminatory policies in place at St. Francis College broadly, or within the women's basketball program specifically, and as discussed above, they claim only that Ms. Pund continues to feel the effects of events that occurred during her time at St. Francis College. Accordingly, the continuing violation doctrine is not applicable to the Punds' Title IX claim.

In sum, because none of the alleged Title IX violations occurred within three years of when the Punds filed their complaint, and the continuing violation doctrine does not apply, the Punds' Title IX claim is untimely and barred by the statute of limitations.[1]

## III. Decision Not to Exercise Supplemental Jurisdiction

After finding the Title IX claim untimely, the district court declined to exercise supplemental jurisdiction over the Punds' remaining claims. The district court determined that because it had dismissed the only federal claim, which is the only claim over which it had original jurisdiction, it was appropriate to dismiss the remaining state-law claims. This is in line with both

---

[1] The Punds argue that the district court erred when it concluded that the only claim they raised under federal law was their Title IX claim. According to the Punds, their complaint also alleged that St. Francis College "violated federal laws, statutes, and regulations, . . . as well as other National Collegiate Athletic Association ('NCAA') requirements." Appellants' Br. at 19. These generic allegations are far too vague to support federal jurisdiction. The Punds do not specify which other federal laws they claim were violated; nor do they explain how violations of rules set by a private organization like the NCAA give rise to questions of federal law. In short, the district court properly concluded that there was no additional basis for asserting federal question jurisdiction.

with the text of 28 U.S.C. § 1367 and this Court's precedent. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *New York Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) (stating that when "federal claims are dismissed before trial, the state claims should be dismissed as well"). The district court thus acted well within its discretion when it declined to exercise supplemental jurisdiction.

## IV. Decision to Deny Further Discovery

Before ruling on Defendants' motion for summary judgment, the district court stayed discovery and declined to extend the discovery deadline. The Punds assert that this was an abuse of the district court's discretion, since, they argue, "relevant discovery remains outstanding, and principally in the hands of Defendants-Appellees, that specifically will confirm and/or clarify material facts, causal links of liability and damages." Appellants' Br. at 22. A district court "plainly has discretion to reject a request for discovery … if the request is based only on speculation as to what potentially could be discovered." *In re Dana Corp.*, 574 F.3d 129, 148-49 (2d Cir. 2009). Thus, "a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Id.*

The Punds' conclusory assertions are clearly insufficient. They do not identify with any specificity what remains to be discovered or how it would support their claims, nor do they even attempt to explain how any as-yet undiscovered materials would demonstrate that their Title IX action was not time-barred. The district court therefore acted within its discretion in staying discovery and denying Plaintiffs' request for extended discovery.

## V.    Decision Not to Hold Oral Argument

The district court denied the Punds' request to hold oral argument before ruling on summary judgment. The Punds assert on appeal that oral argument "would have afforded the Court a clearer picture of this case . . . ." Appellants' Br. at 23. But it is well-established that a "district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument." *Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005).

We have considered the Punds' remaining arguments and find them unpersuasive. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk