**AB, an infant, by her aunt and legal guardian; EF; GH, an infant, by her father and legal guardian; KL; Cathy Conley Plaintiffs**

v.

**RHINEBECK CENTRAL SCHOOL DISTRICT; Thomas Mawhinney Defendants**

No. 03 CIV. 3241.

United States District Court, S.D. New York.

March 21, 2005.

Lee F. Bantle, Bantle & Levy, L.L.P., New York, NY, for Plaintiffs.

Mark C. Rushfield, Shaw & Perelson, L.L.P., Highland, NY, James R. Schultz, Maynard, O'Connor & Smith, Albany, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background:

#### A. Statement of Facts:

This lawsuit was brought by four students, identified as AB, EF, GH, and KL, who attended Rhinebeck High School ("RHS") and Cathy Conley ("Conley"), the attendance staff member of RHS (AB, EF, GH, KL and Conley are collectively referred to herein as the "Plaintiffs"). Both AB and GH are minors.[1] AB is represented by her aunt and legal guardian, identified as CD; GH is represented by her father and natural guardian, identified as IJ.

The Defendants include Thomas Mawhinney ("Mawhinney"), the principal at RHS from 1993 until 2003, and the Rhinebeck Central School District ("District"; Mawhinney and District are collectively referred to herein as the "Defendants").

The facts of this case were exhaustively set forth in a prior memorandum decision and order of this court. *See AB v. Rhinebeck Cent. Sch. Dist.,* 224 F.R.D. 144 (S.D.N.Y.2004). Because this motion pertains only to the claims brought by Plaintiff KL, only facts relevant thereto are included herein.

During the fall of 1993, shortly after Mawhinney's hiring, female students at RHS began complaining to various school officials, including the guidance counselor and the guidance secretary, that Mawhinney had engaged in inappropriate sexual behavior towards them.

KL attended RHS from 1996 to 2000, and was a cheerleader from 1995 to 1999. During this time, KL claims Mawhinney often attended cheerleading practice and basketball games and stared at her and other cheerleaders in a way that made her uncomfortable. During the 1997–1998 school year, KL's tenth grade, Mawhinney allegedly made an inappropriate reference to his prostate while alone with KL in his office.

Then, in the winter of 1999, KL attended the RHS Winter Ball. While at this Ball, KL claims Mawhinney approached her, drew himself very close, placed his hand on her left shoulder, which was bare due to the style of her dress, and said, "You're the sexiest girl here." KL fled to the bathroom, where she remained until she thought it was safe to leave. Upon leaving the bathroom, Mawhinney allegedly approached her again and asked her if she was alright and then continued to follow her around for the entire night.

KL withdrew from RHS after her junior year of high school, and completed her graduation requirements at Dutchess County Community College, where she spent the 1999–2000 school year. KL returned to RHS to participate in graduation ceremonies in June 2000. KL claims Mawhinney stared and leered at her on this occasion, and that she felt distressed to have to make physical contact with him when shaking his hand to receive her diploma.

#### B. Procedural History:

On or about May 9, 2003, the Plaintiffs filed a complaint against the Defendants, seeking relief on five grounds: 1) against the District for a violation of Title IX

---

1. At the time of the filing of the Complaint, both AB and GH were 16 years old.

("Count I"); 2) against the District for negligent hiring, training, supervision, and retention ("Count II"); 3) against Mawhinney and the District for assault and battery ("Count III"); 4) against Mawhinney and the District for negligent infliction of emotional distress ("Count IV"); 5) against Mawhinney for intentional infliction of emotional distress ("Count V"). The Plaintiffs amended their complaint on or about August 29, 2003 to include a claim against the District for a violation of equal protection under the Fourteenth Amendment and 42 U.S.C. § 1983 ("Count VI").

On or about February 3, 2004, the District filed a Motion to Dismiss Plaintiffs' § 1983 claim and all state law tort claims against the District. Thereafter, the Plaintiffs agreed, by stipulation, to withdraw Counts II, III, IV and VI against the District, leaving only count I against the District, count III against Mawhinney, Count IV against Mawhinney and count V against Mawhinney. The District maintained its challenge to Plaintiff Conley's retaliation claim under Title IX but this court decided, by order dated August 24, 2004, to deny the District's motion to dismiss that claim. Additionally, on or about March 18, 2004, the United States of America submitted a Motion to Intervene pursuant to FED. R. CIV. P. 24. The court granted that motion by its August 24, 2004 order.

On or about June 16, 2004, Defendant District filed a motion for partial summary judgment, arguing that Plaintiff KL's Title IX claim against the District is barred by the statute of limitations. Shortly thereafter, Defendant Mawhinney filed a motion for summary judgment, arguing that all three of KL's remaining claims against him are also barred by applicable statutes of limitations. In her opposition papers, KL agreed to withdraw, with prejudice, Count III (assault and battery) and Count V (intentional infliction of emotion distress) against Mawhinney, leaving only Count IV.

## II. Analysis

### A. Standard of review:

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

### B. Whether KL's Title IX Claim Against The District Is Barred By The Applicable Statute Of Limitations

The three-year statute of limitations applicable to personal injury actions brought under New York state law applies to federal claims under Title IX. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004). A plaintiff may base a hostile environment claim on acts occurring outside the limitations period, as long as at least one of the component acts on which the claim is based occurred within the filing period. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).[2]

**2.** Although *Morgan* is a Title VII case, it is equally applicable to claims brought under Title IX. *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir.1994) ("Because the statutes share the same goals and because Title IX mirrors the substantive provisions of Title VI of the Civil Rights Act of 1964, courts have interpreted Title IX by looking to the body of law developed under Title VI, as well as the caselaw interpreting Title VII.") (internal citations omitted).

■ The District claims that KL's April 23, 2004 deposition testimony confirms that she was not subject to any incidents of harassment after December 1999 and, as such, the hostile environment claim she brought in May 2003 is barred.

During this deposition testimony, KL complained of two incidents of harassment by Defendant Mawhinney directed at her: 1) a comment by Mawhinney to KL in his private office during the 1997–1998 school year in which he allegedly made an inappropriate reference to his prostate; 2) an incident in either December 1998 or January 1999 at a Winter Ball at which Mawhinney allegedly placed his hand on KL's shoulder, told her she was the sexiest student in attendance and continued to follow her throughout the evening. The District points out that, because both of these incidents are outside the limitations period, KL's claim is barred under *Morgan.*

Plaintiff KL has two responses: First, KL claims that she was leered at by Mawhinney at her high school graduation ceremony on June 23, 2000, which she attended despite spending her final year of high school attending classes at Dutchess Community College, as part of a "bridge" program. Crucially, Plaintiff has voiced this particular claim in two contexts: in Plaintiff's amended complaint, and in an affidavit attached to her opposition to the District's motion—but KL did not mention it in her deposition testimony.

The District argues that the court should not consider this alleged incident in 2000 because "a party's affidavit which contradicts [her] own prior deposition testimony should be disregarded on a motion for summary judgment." *Mack v. United States,* 814 F.2d 120, 124 (2d Cir.1987). The District argues that KL's affidavit and deposition testimony are contradictory because, during that deposition testimony, KL was explicitly asked whether there were "any other incidents" after the Christmas Ball and KL responded "Of sexual harassment, no." [3]

KL responds that this testimony is not contradictory because, although the Plaintiff testified that there were no other incidents of *sexual harassment,* the Plaintiff was never asked whether there were any other acts or incidents which contributed to the *hostile educational environment claim* that she alleged in the Amended Complaint. But based on the court's review of the transcript, this argument is based on a legal distinction that neither the attorneys nor the witness KL was making during the deposition. Rather, it is clear that the Plaintiff was simply being asked to recall other offensive incidents involving Mawhinney and, in response, did not mention any that allegedly occurred during the limitations period. The inconsistency between the deposition testimony and the affidavit is made even more clear by the fact that KL testified that she attended dances and graduation at Rhinebeck during her senior year, when she was taking classes at Dutchess, and acknowledged that, although Mawhinney took her photograph at her senior prom, she was not offended by that action. KL clearly had not forgotten her subsequent encounters with Mawhinney at the time of her deposition testimony, and the fact that she did not mention the alleged graduation

---

**3.** She was then asked, "Any harassment, anything?" and KL responded "There was one other time I felt uncomfortable was at my junior prom which was a few months later. I had to go out to my car to get film and I was told that he had to walk me out, and I felt uncomfortable, so I went and got my friend and we walked together. He took a picture of us at my car and then we very quickly ran back inside." In subsequent testimony, KL indicated that the Junior Prom was held in May 1999 and, as such, it also did not occur during the limitations period.

incident indicates that she did not consider it to have been relevant to her claims in this case.

KL also argues that, even if she did not mention the graduation incident in her deposition testimony, it was included in the amended complaint, which predated the affidavit. But just as the court should not accept an affidavit that contradicts deposition testimony, it should also not allow inconsistent allegations made in a complaint to defeat summary judgment in the face of contradictory testimony either. In *Better Env't, Inc. v. ITT Hartford Ins. Group*, the court refused to grant summary judgment to a plaintiff whose own prior testimony, which was not helpful to its motion, contradicted the complaint and supporting affidavit. *See* 96 F.Supp.2d 162, 168 (S.D.N.Y.2000). Noting the increased level of reliability of deposition testimony, the court concluded that it could not "simply disregard plaintiff's earlier sworn testimony in favor of inconsistent post hoc statements prepared for

purposes of this lawsuit." *See id.* (citing *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir.1994)). Faced with deposition testimony that contradicts an affidavit and a complaint, this court must accept KL's sworn testimony.[4]

KL also argues that summary judgment is inappropriate because Mawhinney's alleged actions, and the resulting hostile environment at RHS, forced her to withdraw from RHS and, as a result, altered her education through the date of her graduation. But this argument is beside the point. The fact that KL was unable to attend classes at RHS during her senior year may be relevant to the damages she suffered as a result of the hostile educational environment at RHS but it is irrelevant to whether any incidents contributing to the creation of that environment occurred during her senior year and, more specifically, during the limitations period.[5]

For these reasons,[6] KL's Title IX claim is barred by the applicable statute of limitations.

---

4. It is admittedly true that the Second Circuit has described the *Mack* rule slightly differently: "factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are *made for the first time* in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.2001) (emphasis added). Although, in this case, the graduation incident was not alleged *for the first time* in KL's affidavit, the court does not understand the Second Circuit to be indicating that deposition testimony can be rejected by contradictory allegations whenever the "first time" condition is not met, i.e. simply because the allegations were made before the testimony was given.

5. KL also appears to be arguing that she should be able to rely on incidents that allegedly occurred involving other students at RHS while she was at Dutchess. This argument is unpersuasive for several reasons. First, KL testified that the only acts by Ma-

whinney that she witnessed and considered acts of harassment of students were those directed at her and KL has not even argued that she was aware of the alleged incidents involving other students during her senior year. More fundamentally, RHS was not KL's educational environment during her senior year, and therefore acts occurring there at that time cannot form the basis of her claim. *See Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 189–90 (rejecting plaintiff's hostile environment claim when it was based on conduct, only known to the plaintiff by hearsay, and allegedly occurring in a different workplace).

6. KL also suggests that this court should allow KL's claims to go forward because of the policies underlying Title IX. The court disagrees. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) *(per curiam)*. ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## C. Whether KL's Claim For Negligent Infliction Of Emotional Distress Against Mawhinney Is Barred By The Applicable Statute Of Limitations

 A claim for negligent infliction of emotional distress is subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214; *Tornheim v. Federal Home Loan Mortgage Corp.*, 988 F.Supp. 279, 286 n. 6 (S.D.N.Y.1997). KL argues that this claim is not barred because the alleged June 23, 2000 incident at KL's graduation falls within the limitations period. But for reasons discussed above, this incident cannot, in light of KL's deposition testimony, defeat summary judgment.

Therefore, KL's claim against Mawhinney for negligent infliction of emotional distress is also barred by the applicable statute of limitations.

## III. Conclusion

For these reasons, the District's motion for partial summary judgment is GRANTED.

Mawhinney's motion for partial summary judgment is also GRANTED.

It is so ordered.