McCarthy, J.
*1557 Supreme Court properly dismissed the complaint against defendant as time-barred. A four-month statute of limitations applies if the gravamen of plaintiffs action and the relief sought may be properly addressed in a CPLR article 78 proceeding (see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Wechsler v State of New York, 284 AD2d 707, 708 [2001], lv denied 97 NY2d 607 [2001]; see also CPLR 217). Although plaintiff now attempts to label his allegations against defendant as sounding in breach of contract and only seeking monetary damages, the complaint seeks reinstatement of his membership and restoration to the office of president as well as monetary damages. Plaintiff contends that CPLR article 78 is not applicable because defendant is not a municipality, but that article is not strictly limited to government actors; it also applies to any “corporation” (CPLR 7802 [a]). Public and private corporations, “having accepted a charter and having thus become a quasi-governmental body, can be compelled in an article 78 proceeding to fulfill not only obligations imposed upon them by State or municipal statutes but also those imposed by their internal rules” (Matter of Gray v Canisius Coll, of Buffalo, 76 AD2d 30, 33 [1980] [citations omitted]). Plaintiffs action, seeking review of the conduct of a not-for-profit corporation that allegedly terminated his membership through improper procedures and a failure to follow its own internal rules, sought relief that was properly the subject of a CPLR article 78 proceeding (see Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166, 1168 [2012]; Belmonte v Saratoga Youth Hockey, Inc., 18 AD3d 1065, 1066 [2005]). As the action was not commenced until a year after defendant terminated plaintiff’s membership, Supreme Court properly dismissed the complaint against defendant as untimely (see Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d at 1168).
Rose, J.P., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.