15-1681-cv
Attallah v. New York College of Osteopathic Medicine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
           PETER W. HALL,
                *Circuit Judges.*

------------------------------------------------------------------------

AHDY L. ATTALLAH.,
                *Plaintiff-Appellant,*

                v.                                      No. 15-1681-cv

NEW YORK COLLEGE OF OSTEOPATHIC MEDICINE, NEW YORK INSTITUTE OF TECHNOLOGY, EDWARD GUILIANO, individually and in his official supervisory role at New York College of Osteopathic Medicine or New York Institute of Technology, THOMAS SCANDALIS, D.O., individually and in his official supervisory role at New York College of Osteopathic Medicine, MARY ANN ACHTZIGER, individually and in her official supervisory role at New York College of Osteopathic Medicine, BARBARA ROSS-LEE, D.O., individually and in her official supervisory role at the New York College of Osteopathic Medicine, KURT F. AMSLER, individually and in his official supervisory role

1

at New York College of Osteopathic Medicine, JOHN DOE, 1, each individually and in his or her official supervisory role at New York College of Osteopathic Medicine or New York Institute of Technology, NASSAU UNIVERSITY MEDICAL CENTER, NASSAU HEALTH CARE CORPORATION, ALAN MULTZ, M.D., individually and in his official supervisory role at Nassau University Medical Center, MARTIN DIAMOND, D.O., individually and in his official supervisory role at Nassau University Medical Center, PRACHI ANAND, M.D., individually and in her official supervisory role at Nassau University Medical Center, JOHN SMITH, 1-12, individually and in his official supervisory role at Nassau University Medical Center or Nassau Health Care Corporation, CLAIRE BRYANT, individually and in her official supervisory role at New York College of Osteopathic Medicine, JOHN DOE, 2, each individually and in his or her official supervisory role at New York College of Osteopathic Medicine or New York Institute of Technology, JOHN DOE, 3, each individually and in his or her official supervisory role at New York College of Osteopathic Medicine or New York Institute of Technology, JOHN DOE, 4, each individually and in his or her official supervisory role at Nassau University Medical Center or Nassau Health Care Corporation, GULNARA G. CHIKVAIDZE, AKA Culnara G. Chikvaidze, in her personal capacity, IVERI SHAHIASHIVILI, in his personal capacity, JOHN SMITH, 2, individually and his official supervisory role at Nassau University Medical Center or Nassau Health Care Corporation, TAMARA I. SHASHIASHVILI, AKA Tamara Chachiashvili, AKA Tamara Shashiashvilli, AKA Tamara Shashiashivli,

*Defendants-Appellees*.

---------------------------------------------------------------------------

APPEARING FOR APPELLANT: KEVIN THOMAS MULHEARN, Kevin T. Mulhearn, P.C., Orangeburg, New York.

APPEARING FOR APPELLEES: DOUGLAS P. CATALANO, Clifton Budd & DeMaria, LLP, New York, New York (Neil G. Sparber, Norton Rose

Fulbright US LLP, New York, New York, *on the brief*), *for New York College of Osteopathic Medicine, New York Institute of Technology, Edward Guiliano, Thomas Scandalis, D.O., Mary Ann Achtziger, Barbara Ross-Lee, D.O., Kurt F. Amsler, and Claire Bryant.*

WILLIAM H. NG (Amy L. Ventry-Kagan, *on the brief*), Littler Mendelson, P.C., Melville, New York, *for Nassau University Medical Center, Nassau Health Care Corporation, and Alan Multz, M.D.*

DANIEL R. MILSTEIN, Greenberg Traurig, LLP, New York, New York, *for Martin Diamond, D.O.*

MARYAM JAHEDI, Maryam Jahedi Law Firm, New York, New York (Gary Schoer, Law Office of Gary Schoer, Syosset, New York, *on the brief*), *for Gulnara G. Chikvaidze, Iveri Shahiashivili, and Tamara I. Shashiashvili.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 23, 2015, is AFFIRMED.

Plaintiff Ahdy L. Attallah, a former student at defendant New York College of Osteopathic Medicine ("NYCOM"), appeals the dismissal of his complaint alleging that

3

NYCOM and others violated his procedural due process rights and New York state law by expelling him.  After concluding that Attallah had an adequate post-deprivation remedy under Article 78 of the N.Y. C.P.L.R., the district court dismissed Attallah's federal claims under 42 U.S.C. § 1983 and declined to exercise supplemental jurisdiction over his state-law claims.  See Attallah v. N.Y. Coll. of Osteopathic Med., No. 12 Civ. 6132 (JFB) (ARL) (E.D.N.Y. Mar. 27, 2015), ECF No. 127.  We review a judgment of dismissal de novo, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."  Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013).  In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Party Presentation

Attallah argues that the district court violated the principle of party presentation by dismissing his § 1983 claims against the NYIT defendants[1] when only defendants Nassau University Medical Center, Nassau Health Care Corporation, Alan Multz, Martin Diamond, and Prachi Anand explicitly argued an adequate remedy at state law in urging dismissal.  The argument is meritless.  First, the NYIT defendants advanced an Article 78 argument in the district court both in their memorandum in support of dismissal and at oral argument, albeit with respect to state-law claims.  See, e.g., J.A. 215, 217.  Second,

---

[1] Attallah defines the NYIT defendants as New York College of Osteopathic Medicine, New York Institute of Technology, Edward Guliano, Barbara Ross-Lee, Thomas Scandalis, Mary Ann Achtzifer, Kurt F. Amsler, and Claire Bryant.

Attallah was on notice that his § 1983 claims were challenged on the basis of an adequate state law remedy because, as he concedes, other defendants directly raised the issue in their memoranda supporting dismissal. See Wachtler v. Cty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) (recognizing court's authority to dismiss complaint for failure to state claim, even sua sponte, so long as plaintiff has notice and opportunity to be heard). Attallah had an opportunity to respond to this argument in briefing and at oral argument, and did so in two of his memoranda opposing dismissal. Thus, the district court reasonably considered the alternative remedy point in dismissing Attallah's § 1983 claims against all defendants. See generally Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990) (affirming dismissal against all defendants, despite one defendant's failure to appear or to join in motion, because issues concerning non-movant were "substantially the same" as those concerning movants and plaintiff "had notice and a full opportunity to make out his claim"). Wood v. Milyard, 132 S. Ct. 1826 (2012), cited by Attallah, warrants no different conclusion. There, the Supreme Court recognized that a district court can consider a forfeited defense if the other party "is accorded a fair opportunity to present his position," as Attallah was here. Id. at 1834. It was because the government had waived the limitations defense that the Supreme Court identified abuse of discretion in dismissal of the habeas corpus petition as untimely. See id. at 1834−35. No such waiver is present in this case. See United States v. Spruill, 808 F.3d 585, 596−97 (2d Cir. 2015) (discussing difference between forfeiture and waiver).

5

2.      Adequate Post-Deprivation Remedy

Attallah contends that he was not obligated to pursue his claims in an Article 78 proceeding because his expulsion was not academically based. The argument misapprehends the district court's decision, which did not hold that Attallah was required to challenge his expulsion in an Article 78 proceeding. Rather, the district court concluded that Attallah could not plausibly claim the deprivation of a protected interest without due process of law because an adequate post-deprivation remedy in the form of an Article 78 proceeding was available under state law. See Attallah v. N.Y. Coll. of Osteopathic Med., slip. op. at 7−10. That ruling comports with controlling precedent. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that alleged state deprivation of property does not violate procedural due process "if a meaningful postdeprivation remedy for the loss is available"). Thus, even if, as Attallah alleges, state employees acted in concert with administrators at Atallah's private medical school to expel him, any ensuing deprivation of property or liberty does not give rise to a procedural due process claim under § 1983. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 882 (2d Cir. 1996) (holding "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty" (emphasis in original)); Attallah v. N.Y. Coll. of Osteopathic Med., slip. op. at 9−10 (collecting cases holding that Article 78

6

proceeding is adequate post-deprivation remedy to challenge expulsion from private school).[2]

In urging otherwise, Attallah argues that challenges to non-academic expulsions are not limited to Article 78 proceedings and cites cases holding that, under certain circumstances, students can challenge disciplinary actions through breach of contract claims. The argument defeats itself because, assuming arguendo that Attallah's claims are the type suitable for judicial review in a breach of contract action, the availability of that remedy reinforces the conclusion that Attallah was not denied procedural due process. See Campo v. N.Y.C. Emps.' Ret. Sys., 843 F.2d 96, 103 n.7 (2d Cir. 1988) (noting that procedural due process may be satisfied where plaintiff has available "in addition to Article 78 review, a breach of contract claim").

Accordingly, the district court correctly dismissed Attallah's § 1983 claims because the availability of an adequate post-deprivation remedy precluded him from stating a plausible procedural due process claim.

---

[2] Insofar as Attallah argues that his expulsion was caused by an established state procedure so that "the availability of post-deprivation procedures will not, ipso facto, satisfy due process," Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d at 880, he fails plausibly to allege that any of the state actors had "the power and authority to effect the very deprivation complained of here," i.e., his expulsion from a private medical school, or "the concomitant duty to see that no deprivation occur without adequate procedural protections," Zinermon v. Burch, 494 U.S. 113, 135, 138 (1990); see DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003).

7

3.     Rule 11 Motion for Sanctions

Attallah argues that the district court erred in (1) relying on factual misrepresentations by certain defendants granting dismissal and (2) denying his Fed. R. Civ. P. 11 motion for sanctions based on those misrepresentations.

Attallah's first argument fails because the district court did not rely on facts presented by defendants in granting dismissal.  Rather, as reflected in its thorough and well reasoned opinion, the district court accepted Attallah's allegations as true and drew all reasonable inference in his favor.  Even doing so, however, it concluded that Attallah failed to state a claim as a matter of law.  See Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) (affirming district court's conclusion that plaintiff's procedural due process claim failed as matter of law when plaintiff "could have sought meaningful review . . . within the state judicial system").

We review the district court's denial of Attallah's Rule 11 motion for abuse of discretion, see Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012), and identify none here given the absence of any error of law or fact, see Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264–65 (2d Cir. 1994) (holding that district court does not abuse discretion in deciding sanctions motion unless it based its ruling on erroneous view of law or clearly erroneous assessment of evidence); see generally Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (explaining that counsel can violate Rule 11 when "pleading, motion or other paper . . . has been interposed for any

8

improper purpose, or where, after reasonably inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law" (emphasis omitted)).

4.    Conclusion

We have considered Attallah's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9