Doe v State Univ. of N.Y., Binghamton Univ. (2022 NY Slip Op 00088)





Doe v State Univ. of N.Y., Binghamton Univ.


2022 NY Slip Op 00088


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532118
[*1]John Doe, Appellant,
v
State University of New York, Binghamton University, et al., Respondents.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Warshaw Burstein, LLP, New York City (Kimberly C. Lau of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.



Lynch, J.
Appeal from an order of the Supreme Court (Tait, J.), entered July 30, 2020 in Broome County, which granted defendants' motion for dismissal of the complaint.
Plaintiff, a former student of defendant State University of New York at Binghamton (hereinafter the university), was suspended for two semesters upon a finding that he had violated the university's code of student conduct (hereinafter the student code) for committing sexual assault against another student and failing to comply with the directions of university officials in the performance of their duties. Plaintiff's internal appeal of that decision was denied on June 5, 2015. On June 6, 2018, plaintiff, acting pro se, filed a summons with notice in the Broome County Clerk's office indicating that he sought to assert claims against the university under 42 USC § 1983 and Title IX of the Education Amendments of 1972 (see 20 USC § 1681 et seq. [hereinafter Title IX]). He subsequently retained counsel, who filed an amended summons with notice on October 3, 2018. A complaint was filed on November 12, 2018, which asserted claims for breach of contract and violations of Title IX, 42 USC § 1983 and the Human Rights Law (see Executive Law art 15).
Defendants joined issue, asserted various affirmative defenses — including that the action was time-barred — and separately moved for dismissal of the complaint on various grounds, including as barred by the applicable statute of limitations (see CPLR 3211 [a] [5]). Supreme Court granted defendants' motion and dismissed the complaint, finding that plaintiff's claims "were properly reviewable in [a CPLR] [a]rticle 78 proceeding and not a plenary action," and, therefore, were time-barred by the applicable four-month statute of limitations. Plaintiff appeals.
Contrary to plaintiff's contention, Supreme Court properly dismissed the complaint as time-barred. "Regardless of how a plaintiff may label or style his or her claim[s], courts must look to the core of the underlying claim[s] and the relief sought and, if the claim[s] could have been properly addressed in the context of a CPLR article 78 proceeding, a four-month statute of limitations will apply" (Schulz v Town Bd. of the Town of Queensbury, 178 AD3d 85, 89 [2019] [emphasis added; citations omitted], appeal dismissed 34 NY3d 1177 [2020], lv denied 35 NY3d 1080 [2020], cert denied ___ US ___, 141 S Ct 2513 [2021]; see Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1447 [2018]; Thrun v Cuomo, 112 AD3d 1038, 1040 [2013], lv denied 22 NY3d 865 [2014]).
Insofar as "administrative decisions of educational institutions involve the exercise of highly specialized professional judgment" (Maas v Cornell Univ., 94 NY2d 87, 92 [1999]), "[c]ourts have repeatedly addressed student [and faculty member] challenges to [disciplinary action] from institutions of higher learning through the conduit of a CPLR article 78 proceeding" (Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d [*2]1653, 1655 [2019]; see Frankel v Yeshiva Univ., 37 AD3d 760, 760 [2007], lv denied 9 NY3d 802 [2007]; Diehl v St. John Fisher Coll., 278 AD2d 816, 816-817 [2000], lv denied 96 NY2d 707 [2001]). This is particularly true where, as here, a student challenges disciplinary action taken in response to a finding of sexual misconduct in violation of a university's student code (see e.g. Matter of Alexander M. v Cleary, 188 AD3d 1471, 1473 [2020]; Matter of Haug v State Univ. of N.Y. at Potsdam, 166 AD3d 1404, 1405 [2018]; Matter of Doe v Cornell Univ., 163 AD3d 1243, 1244 [2018]; Matter of Doe v Skidmore Coll., 152 AD3d 932, 933 [2017]).
Here, plaintiff challenges the procedures that the university used in its notice, investigation and adjudication of the charges, as well as its disciplinary determination to suspend him for two months and the evidentiary foundation underlying that decision (see generally Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d at 1655). Among other things, the complaint alleges that plaintiff "has a constitutionally protected property interest in his continued education" and that the university's determination arbitrarily deprived him of that right. It further asserts that the university "fail[ed] to substantially comply with the policies, rules, and guidelines contained within the [student code]" and "failed to perform a thorough and impartial investigation," and that "[t]he [h]earing was not fair and impartial as required by the [student code]." Plaintiff also seeks injunctive relief, including reinstatement to the university and expungement of all references of the underlying incident from his academic record.
Allegations that a university failed to substantially comply with its internal rules and procedures are the frequent subject of CPLR article 78 proceedings (see e.g. Matter of Klockowski v State Univ. of N.Y. Coll. at Plattsburgh, 182 AD3d 725, 726 [2020]; Matter of Doe v Cornell Univ., 163 AD3d at 1244-1245; Matter of Doe v Skidmore Coll., 152 AD3d at 935), as are assertions of bias and partiality in the disciplinary process (see Matter of Alexander M. v Cleary, 188 AD3d at 1474-1476). Upon a careful examination of the complaint, it is clear that the claims all sound in challenges to the propriety of an educational institution's disciplinary determination as arbitrary and capricious, and, therefore, may be properly addressed through a CPLR article 78 proceeding (see Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ., 175 AD3d at 1655; Kickertz v New York Univ., 110 AD3d 268, 277 [2013]; Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ., 73 AD3d 634, 634 [2010], lv denied 15 NY3d 708 [2010]; see generally Attallah v New York College of Osteopathic Medicine, 643 Fed Appx 7, 9-10 [2d Cir 2016], cert denied ___ US ___, 137 S Ct 668 [2017]). That plaintiff sought damages in addition to injunctive relief does not change the analysis, as such a demand is incidental to his [*3]success in invalidating the administrative determination (see CPLR 7806; Matter of Adams v Welch, 272 AD2d 642, 644 [2000]).
"Although courts generally possess the authority to convert a plenary action to a CPLR article 78 proceeding if jurisdiction of the parties has been obtained, conversion is not appropriate where the claims are barred by the four-month statute of limitations governing CPLR article 78 proceedings" (Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs., 175 AD3d at 1655 [citations omitted]). As plaintiff commenced this action more than three years after a final administrative determination was rendered, Supreme Court properly dismissed the complaint as time-barred (see id.; Frankel v Yeshiva Univ., 37 AD3d at 760; Diehl v St. John Fisher Coll., 278 AD2d at 816-817). We also note that, even if we were to apply the three-year statute of limitations applicable to claims under Title IX, the Human Rights Law and 42 USC § 1983 (see Mouscardy v Consolidated Edison Co. of N.Y., Inc., 185 AD3d 579, 580-581 [2020]; Matter of Resnick v Town of Canaan, 38 AD3d 949, 953 [2007]; AB ex rel. EF v Rhinebeck Central School Dist., 361 F Supp 2d 312, 314 [SD NY 2005]), such claims would still be untimely.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.