Astiz v Canisius Coll. (2024 NY Slip Op 04679)

Astiz v Canisius Coll.

2024 NY Slip Op 04679

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

592 CA 23-00928

[*1]MARIA FERNANDA ASTIZ, PH.D., STEVEN MADDOX, PH.D., MATTHEW MITCHELL, PH.D., AND KATHRYN F. WILLIAMS, PH.D., PLAINTIFFS-APPELLANTS,
v
CANISIUS COLLEGE, DEFENDANT-RESPONDENT. 

J. MORGAN LEVY FIRM, PLLC, FAIRPORT (J. MORGAN LEVY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
CULLEN AND DYKMAN LLP, UNIONDALE (JENNIFER A. MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.
GLADSTEIN REIF & MEGINNISS LLP, NEW YORK CITY (KENT Y. HIROZAWA OF COUNSEL), AND AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, WASHINGTON, D.C., FOR AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, AMICUS CURIAE. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered May 1, 2023. The order granted the motion of defendant for summary judgment, dismissed the amended complaint and denied the motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs appeal from an order that, inter alia, granted defendant's motion for summary judgment dismissing the amended complaint. We affirm.
Contrary to plaintiffs' contention, a CPLR article 78 proceeding was the proper vehicle for challenging defendant's determination terminating their tenured faculty positions as part of a strategic restructuring plan implemented in response to alleged financially exigent circumstances. It is well settled that courts have "a 'restricted role' in dealing with and reviewing controversies involving colleges and universities" because "administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and [such] institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters" (Maas v Cornell Univ., 94 NY2d 87, 92 [1999]; see Gertler v Goodgold, 107 AD2d 481, 485 [1st Dept 1985], affd for the reasons stated 66 NY2d 946 [1985]; Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 413 [1980]). Thus, "the proper vehicle for challenging [a college's] compliance with procedures set forth in an employee handbook" (Holm v Ithaca Coll., 256 AD2d 986, 988 [3d Dept 1998], lv denied 93 NY2d 804 [1999]) and for determining "a professor's benefits and privileges of . . . academic tenure" (Matter of Hansbrough v College of St. Rose, 209 AD3d 1168, 1170 [3d Dept 2022]), is "a CPLR article 78 proceeding . . . , not a plenary action" (Maas, 94 NY2d at 92). That plaintiffs seek compensatory damages is of no moment because the demand for damages is "incidental to [their] success in invalidating the administrative determination" (Doe v State Univ. of N.Y., Binghamton Univ., 201 AD3d 1075, 1077 [3d Dept 2022]; see Bango v Gouverneur Volunteer Rescue Squad, Inc., 101 AD3d 1556, 1557 [3d Dept 2012]).
"Although courts generally possess the authority to convert a plenary action to a CPLR article 78 proceeding if jurisdiction of the parties has been obtained, conversion is not [*2]appropriate where the claims are barred by the four-month statute of limitations governing CPLR article 78 proceedings" (Doe v State Univ. of N.Y., Binghamton Univ., 201 AD3d 1075, 1077 [3d Dept 2022]). Inasmuch as plaintiffs did not commence this action until more than four months after their cause of action accrued, the claims are time-barred (see CPLR 217; Mitchell v New York Univ. ["NYU"], 129 AD3d 542, 543 [1st Dept 2015], lv denied 26 NY3d 908 [2015]; Diehl v St. John Fisher College, 278 AD2d 816, 816-817 [4th Dept 2000], lv denied 96 NY2d 707 [2001]).
In light of our determination, we do not address plaintiffs' remaining contentions.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court