Rimar v Country Club of Buffalo (2025 NY Slip Op 01455)

Rimar v Country Club of Buffalo

2025 NY Slip Op 01455

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, DELCONTE, AND HANNAH, JJ.

43 CA 24-00114

[*1]PATRICK RIMAR, PLAINTIFF-RESPONDENT,
v
COUNTRY CLUB OF BUFFALO, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

LIPPES MATHIAS LLP, BUFFALO (BRENDAN H. LITTLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
KADISH & FIORDALISO, BUFFALO (ROBERT A. FIORDALISO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered December 4, 2023. The order denied the motion of defendant Country Club of Buffalo to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a former member of defendant Country Club of Buffalo (CCB) commenced this action after two anonymous letters were allegedly disseminated amongst the board and management of CCB accusing plaintiff of, inter alia, sexually molesting a child and CCB subsequently revoked plaintiff's membership. The amended complaint seeks monetary damages only and asserts causes of action against CCB and certain unknown individuals for defamation as well as negligence, breach of contract, and breach of CCB's constitution and bylaws. CCB moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7), contending that the defamation causes of action failed to state a cause of action and the remaining causes of action were time-barred under the four-month statute of limitations applicable to a CPLR article 78 proceeding under CPLR 217. Supreme Court denied the motion, and CCB appeals. We affirm.
In order to state a cause of action for defamation, "a plaintiff must 'set forth in the complaint the particular words complained of, as required by CPLR 3016 (a),' and must 'state the time, place, and manner of the allegedly false statements and to whom such statements were made' " (Fika Midwifery PLLC v Independent Health Assn., Inc., 208 AD3d 1052, 1054 [4th Dept 2022]). "In assessing 'a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . . We accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005])" (Pottorff v Centra Fin. Group, Inc., 192 AD3d 1552, 1553 [4th Dept 2021]; see Fika Midwifery PLLC, 208 AD3d at 1053).
Here, the amended complaint "specified the words that were allegedly defamatory and generally identified the time, place, and manner of those statements as well as to whom those statements were made" (Fika Midwifery PLLC, 208 AD3d at 1055; see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464 [2d Dept 2021]). CCB contends that the amended complaint should be dismissed because it fails to state the specific identity of the author(s) and disseminator(s) of the anonymous letters. We reject that contention. At the pleading stage, it is sufficient that plaintiff alleges that those actions of authorship and dissemination were taken by either [*2]employees of CCB or members of its board (see M.H.B. v E.C.F.S., 177 AD3d 479, 479-480 [1st Dept 2019]; Matter of Weitzman v Long Beach City Sch. Dist., 175 AD3d 504, 505-506 [2d Dept 2019]). CCB additionally contends that its board members are protected by the qualified privilege that exists "where the [allegedly defamatory] communication is made to persons who have some common interest in the subject matter" (Foster v Churchill, 87 NY2d 744, 751 [1996]), but we reject that contention too. Plaintiff alleges that the letters were written and disseminated with actual malice, and a "defense of qualified privilege will be defeated by demonstrating a defendant [acted] with malice" (id.). We thus conclude that the amended complaint alleges facts sufficient to state causes of action for defamation.
Contrary to CCB's further contention, plaintiff's causes of action for negligence, breach of contract, and breach of CCB's bylaws and constitution are not barred by the four-month statute of limitations for an article 78 proceeding under CPLR 217. In order to determine the appropriate statute of limitations for a cause of action, regardless of how a plaintiff labels or styles the cause of action in a pleading, a court must look to the "the substance of the action and the relief sought" (Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus, 243 AD2d 61, 66 [4th Dept 1998]; see Doe v State Univ. of N.Y., Binghamton Univ., 201 AD3d 1075, 1076 [3d Dept 2022]). Here, plaintiff's causes of action for negligence, breach of contract, and breach of CCB's bylaws and constitution seek only monetary damages, not reinstatement to membership or other article 78 relief (see Daley v County of Erie, 59 AD3d 1087, 1088 [4th Dept 2009]; Kerlikowske v City of Buffalo, 305 AD2d 997, 997 [4th Dept 2003]; cf. Bango v Gouverneur Volunteer Rescue Squad, Inc., 101 AD3d 1556, 1557 [3d Dept 2012]).
We have reviewed CCB's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court