| **USA Medlog, Inc. v City of New York** |
|:---:|
| 2026 NY Slip Op 30624(U) |
| February 21, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 659521/2024 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. KATHLEEN WATERMAN-MARSHALL

*Justice*

PART    31

------------------------------------------------------------------------X

USA MEDLOG, INC.,

Plaintiff,

- v -

THE CITY OF NEW YORK, JOHN DOE

Defendant.

------------------------------------------------------------------------X

INDEX NO.    659521/2024

MOTION DATE    04/16/2025, 10/28/2025

MOTION SEQ. NO.    002 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 33, 34, 35, 37, 38, 39, 40, 41

were read on this motion to/for            AMEND CAPTION/PLEADINGS            .

Upon the foregoing documents, the motion by USA Medlog Inc. ("Medlog") for leave to further amend its complaint or, alternatively, amend its opposition papers to motion by the City of New York ("the City") to dismiss, is denied. Upon the same record, the motion by the City to dismiss the complaint is granted.

## Background

This action arises out of bids for a contract to supply the City with bottled spring water. The City received bids ranging from $700,000 to $22.82 million. Medlog submitted a bid for $3.5M; however, the contract was awarded to the lowest bidder, CribProcure, on August 5, 2024.[1]

Medlog's first complaint alleged that its bid was entitled to preferential treatment because it is a Service Disabled Veteran Owned Small Business and the City was awarding a contract which utilized federal funds. It contended that Medlog should have been awarded the contract over CribProcure, which it alleged is a Texas based company, organized in Delaware, and has "a Nigerian-based, CEO." The initial complaint asserted claims for breach of contract, constructive fraud, and violation of equal protection.

The City moved to dismiss the original complaint, rather than answer, and Medlog amended its complaint in response. The amended complaint asserted a different theory of liability. It alleged that under the Procurement Policy Board Rules ("PPB"), the City was obligated to award the contract to a bidder who sourced the water from within New York State, that CribProcure did not source

---

[1] The lowest bid was a tie between CribProcure Inc. and WB Mason Co. Inc.; CribProcure Inc. won the tie break (see NYSCEF Doc. No. 26).

**659521/2024   USA MEDLOG, INC. vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002 003**

**Page 1 of 4**

water from New York, and, thus, the contract with CribProcure was void *ab initio* and unlawful under PPB § 3-02(1)(3). The amended complaint repeated the same claims for breach of contract, constructive fraud, and violation of equal protection, but added a new claim for equitable estoppel.

The City then filed the instant motion to dismiss the amended complaint (Motion Seq. 002). By separate motion, Medlog opposed dismissal, and sought leave to further amend its complaint to assert additional constitutional claims, negligence, and negligent misrepresentation or, alternatively, to amend its opposition to the City's dismissal motion (Motion Seq. 003). As the dismissal and amendment motions raise interrelated issues, they are addressed in this Decision and Order.

## Discussion

*I. Dismiss*

The City contends that the instant action, although couched in terms breach of contract, constructive fraud, violation of equal protection, and equitable estoppel, actually challenges a governmental agency's determination, which must be brought as an Article 78 proceeding. It further argues that Medlog failed to commence this action within the statute of limitations applicable to Article 78 proceedings and, therefore, the action should be dismissed as untimely.

"A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (*Kogut v Village of Chestnut Ridge*, 214 AD3d 777, 778 [2d Dept 2023] quoting *Listwon v 500 Metro Owner, LLC*, 188 AD3d 1028 [2d Dept 2020]).

The City's motion to dismiss necessarily requires the Court to see through the asserted causes of action to determine the true nature of the case. In other words, the Court must determine whether the complaint actually seeks relief under Article 78 or something else (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *California Suites, Inc. v Russo Demolition Inc.*, 98 AD3d 144 [1st Dept 2012] [claim sounded in Article 78 rather than due process]; *Dandomar Co., LLC v Town of Pleasant Valley Town Bd.*, 86 AD3d 83 [2d Dept 2011] [claim sounded as declaratory judgment under Highway Law rather than Article 78]). A plaintiff's characterization of their claim is not controlling, "[r]ather, the court must examine the substance of the action to identify the relationship out of which the claims arise and the relief sought" (*California Suites, Inc*, 98 AD3d 144 [1st Dept 2012]). If the true nature of the case is in the nature of an Article 78 proceeding, then the four-month statute of limitations will apply (*id.*; *Foster v City of N.Y.*, 157 AD2d 516 [1st Dept 1990]; CPLR § 217).

The gravamen of the complaint is Medlog's allegation that the City lacked the authority to enter into the contract with the lower bidder because the City did not comply with, *inter alia*, the lawful procedure outlined in PPB § 3-02(1)(3). This is a challenge of an agency's determination and an alleged violation of lawful procedure, both of which are required to be brought as an Article 78 proceeding (CPLR § 7803[3]). "The fact that the challenge mounted to defendants' determinations is stated in terms of a constitutional objection (denial of due process hearing rights) does not serve to make unavailable an article 78 proceeding – the customary procedural vehicle for review of administrative determinations" (*Solnick v Whalen*, 49 NY2d 224, 231 [1980]).

Nor does the including of a request for monetary damages serve to remove this action from the ambit of Article 78 relief where, as here, the damages are incidental to the Article 78 challenge (*see e.g. Pauk v Board of Trustees of City Univ. of N.Y.*, 68 NY2d 702 [1986] [lost earnings

**659521/2024   USA MEDLOG, INC. vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002 003**
**Page 2 of 4**

2 of 4

[* 2]

incidental to Article 78 challenge]; *Morton v New York City Bd. of Educ. Retirement Sys.,* 229 AD3d 619 [2d Dept 2024] [monetary damages arising out of challenge of agency determination are incidental and could be addressed in Article 78 proceeding]). Indeed, challenges to bids for municipal contracts are routinely brought under Article 78 (*L&M Bus Corp. v New York City Dept. of Education*, 167 AD3d 454 [1st Dept 2018]; *Bill's Towing Service, Inc v County of Nassau*, 83 AD3d 698 [2d Dept 2011]; *A&J Staffing, Inc. v McDonald*, 87 Misc.3d 871 [Sup. Ct. Albany Cty 2025] [Hartman, J.]; *Staten Is. Bus, Inc v New York City Dept. of Educ.*, 41 Misc.3d 836 [Sup. Ct. NY Cty 2013] [Moulton, J]). Accordingly, the true nature of this case is for Article 78 relief.

The commencement of this matter as a plenary action, instead of an Article 78 special proceeding, is not, in and of itself, fatal. The Court may convert a plenary action to an Article 78 proceeding; however, it may not do so where the claims are barred by the four-month statute of limitations applicable to Article 78 proceedings (*see e.g. Doe v State Univ. of N.Y., Binghamton Univ.*, 201 AD3d 1075 [3d Dept 2022]). Thus, the Court must determine whether the instant matter was commenced within the four-month statute of limitations, before it converts the action.

As there was no opportunity for administrative review of the City's determination to award the contract, the determination became final and binding upon its receipt and the statute of limitations began to run (*id.*; *see also Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186 [2007]; *Matter of King v Department of Educ. of the City of N.Y.*, 128 AD3d 443 [1st Dept 2015]; *Matter of Javier v New York City Dept. of Bldgs.*, 127 AD3d 548 [1st Dept 2015]). Within the context of municipal contract awards, this is the date the bidder knew or should have known that the contract was awarded to another bidder (*Tufaro Transit Co., Inc. v Board of Educ. of City of N.Y.*, 79 AD2d 376 [2d Dept 1981]).

The City published its determination to award the contract to CribProcure on August 5, 2024 (*see* The City Record, 3959, Monday August 5, 2024). Accordingly, Medlog was required to commence this action no later than December 5, 2024. However, Medlog filed its summons on December 9, 2024, four days past the statute of limitations. Consequently, it is untimely, the Court cannot convert this plenary action into a special proceeding under Article 78, and the matter must be dismissed (*Doe*, 201 AD3d 1075).[2]

*II. Leave to Amend Complaint*

Medlog's motion for leave to further amend its complaint is denied. While leave to amend a complaint is generally liberally granted, absent prejudice or surprise (*Fahey v County of Ontario*, 44 NY2d 934 [1978]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *Lanpont v Savvas Cab Corp., Inc.*, 244 AD2d 208 [1st Dept 1997]), here amendment would be futile (*Eighth Ave. Garage Corp. v HKL Realty Corp*, 60 AD3d 404 [1st Dept 2009]).

Medlog's proposed second amended complaint does not overcome the untimeliness of its claims. Nor does the inclusion of additional constitutional objections in the proposed second amended complaint "serve to make unavailable an article 78 proceeding – the customary procedural vehicle for review of administrative determinations" (*Solnick*, 49 NY2d at 231). Although the proposed second amended complaint purports to clarify that relief is not sought under Article 78, it does not actually change the true nature of this matter – which is a challenge to an agency determination that must be brought by an Article 78 proceeding within four months of the

---

[2] As the matter is dismissed as untimely, the Court need not reach the parties' arguments regarding dismissal on other grounds.

**659521/2024   USA MEDLOG, INC. vs. THE CITY OF NEW YORK ET AL**                                                    **Page 3 of 4**
**Motion No.  002 003**

[* 3]

determination date. Notably, the proposed second amended complaint relies on the City's determination to award the contract to CribProcure as the sole factual basis for each cause of action. Thus, the essence of each claim is one based upon an administrative determination, which is properly challenged via an Article 78 proceeding.

### III. Leave to Amend Opposition to Dismissal Motion

Medlog's request to amend its opposition papers to the City's motion to dismiss is denied. The motion to dismiss was fully briefed in May of 2025. It was only after Medlog changed counsel in October 2025 that it sought to amend its previously submitted motion papers, on the basis that prior counsel's submissions were "inadequate." However, Medlog cites no authority which supports its assertion that leave should be freely given to amend opposition papers on a fully briefed and submitted motion some five months later. The cases relied on by Medlog are readily distinguishable, do not discuss the amendment or supplement of motion memoranda/affirmations, discuss amendment of pleadings, and relate to federal practice, not state practice; curiously, amendment was denied in each matter cited by Medlog (*Jajati v JPMorgan Chase Bank, N.A.*, 711 F.Supp. 3d 169 [EDNY 2024] [denying leave to amend *complaint* as futile]; *MSP Recovery Claims, Series LLC v Hereford Ins. Co.*, 66 F.4th 7, 90 [2d Cir. 2023] [denying further leave to amend *complaint*]; *Horoshko v Citibank, N.A.*, 373 F.3d 248 [2d Cir. 2004] [same]; *Government Employees Ins. Co. v Yoo*, 2019 WL 3752761 at n3 [EDNY 2019] [rejecting plaintiff's "belated assertion" of an intent to seek leave to file an amended complaint as a misguided attempt to avoid change of venue]). In this Court's considered view, Medlog's request to amend its motion papers on a fully briefed motion amounts to an impermissible second bite at the apple. Accordingly, leave to supplement or amend Medlog's opposition to the City's dismissal motion is denied.

Accordingly, it is

**ORDERED** that the motion by the City of New York (Motion Seq. 002) to dismiss the first amended complaint is granted and the matter is dismissed as untimely; and it is further

**ORDERED** that the motion by USA Medlog Inc. (Motion Seq. 003) for leave to further amend its complaint or, alternatively, to amend its opposition to the City of New York's dismissal motion is denied.

_____
**2/21/2026**
**DATE**

KATHLEEN WATERMAN-MARSHALL, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

659521/2024   USA MEDLOG, INC. vs. THE CITY OF NEW YORK ET AL
Motion No.  002 003

Page 4 of 4

[* 4]